Mario Tafur (SBN: 329899)
mario@thebulldog.law
Karla Pavese, Esq. (SBN: 361976)
karla@thebulldog.law
BULLDOG LAW, PC.
500 N. Central Ave., Suite 610
Glendale, CA. 91203
Phone: (818) 646-8990| Fax: (323) 967-715
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGNES CHOK-HUNG YEUNG,<br><br>Plaintiff,<br><br>vs.<br><br>OSCAR WENXUAN LONG, an individual; VCTZXSHA.COM, a business entity of unknown form; DEXOTECH I.T LTD; BIXTECH SMC LTD; RUQTECH SMC LTD (also known as RUOTBCH SMC LTD and RUOTECH SMC LTD); MOVO TECH SMC LTD; PT PERDAGANGAN DUNIA KATULISTIWA; and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO. 2:26-cv-5838**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## I.    INTRODUCTION

1.  This action arises from a sophisticated cryptocurrency investment scam in which Defendants induced Plaintiff Agnes Chok-Hung Yeung to transfer approximately $6.125 million through false representations of legitimate high-return trading on the Vctzxsha.com platform. After extracting the funds and additional "fees" and "taxes," Defendants froze Plaintiff's account and have refused to return any money, resulting in a current frozen balance of $16,902,204.07 visible in Plaintiff's Trust Wallet.

1

2. Plaintiff seeks immediate emergency relief in the form of a Temporary Restraining Order and Preliminary Injunction to freeze all traceable assets, as well as compensatory damages, punitive damages, and other relief.

## II.    JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because Plaintiff is a citizen of Nevada and Defendants are citizens of California and/or foreign entities, and the amount in controversy exceeds $75,000. This Court also has federal question jurisdiction under 28 U.S.C. § 1331 due to claims arising under federal statutes, including those related to wire fraud and securities laws implicated by Defendants' unregistered cryptocurrency trading platform.

4. This Court has personal jurisdiction over all Defendants. Defendant Oscar Wenxuan Long has substantial contacts with this District, including representations that he resides and conducts business in Los Angeles and Beverly Hills, California; use of multiple U.S. telephone numbers ((310) 879-8279, (650) 382-1029, and (213) 315-2025); and solicitation of Plaintiff through LinkedIn, a U.S.-based platform. Defendant Vctzxsha.com, an online cryptocurrency trading platform and business entity of unknown form, is subject to specific personal jurisdiction in this District and throughout the United States because it purposefully availed itself of the U.S. market by, among other things, representing that it operated under United States laws; soliciting U.S. residents, including Plaintiff, through LinkedIn outreach and WhatsApp communications; directing Plaintiff to transfer funds through U.S. financial institutions, including Wells Fargo and Citibank, and U.S.-based cryptocurrency platforms, including Coinbase and Trust Wallet; and promising investment returns tailored to U.S. investors. Plaintiff's claims arise directly from these forum-related contacts, including the fraudulent transactions and freezing of Plaintiff's assets. The exercise of jurisdiction comports with traditional notions of fair play and substantial justice because Defendants caused foreseeable

harm in California and the United States, where Plaintiff suffered losses and relied on Defendants' representations through U.S.-based channels.

5. Vctzxsha.com further failed to register as a money services business or cryptocurrency exchange with FinCEN and failed to comply with applicable U.S. regulatory requirements, further demonstrating that it deliberately directed its activities toward the United States market. Defendants Does 1–50 are co-conspirators and agents of the named Defendants and are subject to jurisdiction on the same grounds. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. Additionally, Defendant Vctzxsha.com and the corporate Defendants, DEXOTECH I.T LTD, BIXTECH SMC LTD, RUQTECH SMC LTD, MOVO TECH SMC LTD, PT PERDAGANGAN DUNIA KATULISTIWA, and Does 1–50, are subject to specific personal jurisdiction because they knowingly received and accepted millions of dollars in wire transfers originating from U.S. banks, including Wells Fargo and Citibank, in furtherance of a fraudulent scheme targeting U.S. residents. Plaintiff's claims arise directly out of these contacts with the United States, and the exercise of jurisdiction is reasonable and consistent with due process.

**III.    PARTIES**

5. Plaintiff Agnes Chok-Hung Yeung is an individual residing in Las Vegas, Nevada.

6. Defendant Oscar Wenxuan Long is an individual who, upon information and belief, resides in or has significant contacts with Los Angeles County, California. He used multiple U.S. phone numbers and claimed a Beverly Hills-area presence.

7. Defendant Vctzxsha.com is a business entity of unknown form operating an online cryptocurrency trading platform accessible via Trust Wallet. Upon information and belief, it is owned, operated, and/or controlled by Defendant Long and/or other individuals acting in concert with him. Vctzxsha.com holds itself out as a legitimate platform operating under the laws of the United States, solicits investments from U.S. persons, processes transactions involving U.S.

3

financial institutions and crypto infrastructure, but is not properly registered or licensed as a cryptocurrency exchange, broker-dealer, or money transmitter under federal or California law. It maintains no known physical address but directs its activities into this District and the United States.

8. Defendant DEXOTECH I.T LTD is a business entity that received Plaintiff's funds via wire transfer to account 9030026711141 at Stanbic Bank Uganda Limited in Kampala, Uganda.

9. Defendant BIXTECH SMC LTD is a business entity that received Plaintiff's funds via wire transfer to account 9030026637448 at Stanbic Bank Uganda Limited in Kampala, Uganda.

10. Defendant RUQTECH SMC LTD (also known as RUOTBCH SMC LTD and RUOTECH SMC LTD) is a business entity that received multiple wire transfers from Plaintiff to account 9030026940728 at Stanbic Bank Uganda Limited in Kampala, Uganda.

11. Defendant MOVO TECH SMC LTD is a business entity that received Plaintiff's funds via wire transfer to account 9030027296865 at Stanbic Bank Uganda Limited in Kampala, Uganda.

12. Defendant PT PERDAGANGAN DUNIA KATULISTIWA (and related Indonesian entities) is a business entity that received Plaintiff's funds via wire transfer to account 176701000357305 at PT. Bank Rakyat Indonesia in Jakarta, Indonesia.

13. Defendants Does 1 through 50 are individuals and entities whose true names and capacities are currently unknown to Plaintiff. They include operators, agents, and co-conspirators of the Vctzxsha.com scheme. Plaintiff will seek leave to amend when their identities are ascertained.

IV.    GENERAL ALLEGATIONS

9. On or about June 17, 2025, Defendant Long contacted Plaintiff via LinkedIn, posing as a former Senior Vice President of Drug Discovery at Genentech with 15 years of experience who had relocated to Los Angeles.

10. Defendant Long built trust through professional-looking LinkedIn posts, articles, and

4

personal communications that quickly moved to WhatsApp. He provided U.S. phone numbers including (310) 879-8279, (650) 382-1029, and (213) 315-2025.

11. Defendants represented that Vctzxsha.com was a legitimate real-time long/short cryptocurrency trading platform accessible via Trust Wallet, offering 15% returns per successful trade with near-instant settlement.

12. Relying on Defendants' representations, between August 1, 2025, and February 5, 2026, Plaintiff executed seventeen (17) wire transfers totaling approximately $6,125,000 from her Wells Fargo and Citibank accounts to recipient entities designated by Defendants, including DEXOTECH I.T LTD, BIXTECH SMC LTD, RUQTECH SMC LTD (and affiliated variants), MOVO TECH SMC LTD, and PT PERDAGANGAN DUNIA KATULISTIWA. Representative Wells Fargo and Citibank wire transfer receipts and confirmations reflecting transfers totaling more than $5.5 million are attached hereto as Exhibits A through S. Plaintiff possesses complete records, transfer details, and confirmation numbers for all seventeen transfers and will provide such materials upon request or in support of any motion or proceeding.

13. Upon information and belief, the newly added corporate Defendants are shell entities created and used by the primary Defendants as conduits to launder and conceal Plaintiff's funds as part of the fraudulent scheme.

14. Plaintiff also transferred additional cryptocurrency (ETH) from Coinbase to wallets Controlled by Defendants (specific transaction hashes: 0x2d03c00eecf4287a9495e8afa98e2ac5450e622c710bffd7300fb326be6d02d3 and 0xaea7f07f4abcd4bc22062e91b14de11701cfe615f3937b4201c38e62916eaf3b).

15. When Plaintiff attempted to withdraw funds on or about January 2, 2026, Defendants demanded and received:

- A $1.06 million "service fee"; and

o    A $1.57 million "short-term capital gains tax."

16. After these payments, Defendants claimed the account required a "large remittance review" of approximately ten business days. More than two months have passed, and the account remains frozen.

17. As of April 2026, Plaintiff's Trust Wallet displays a frozen balance of $16,902,204.07. Plaintiff has recovered $0.

18. Defendant Long has gone silent after claiming to be in Hong Kong "moving funds back to the U.S." He also attempted a secondary-recovery scam by soliciting an additional $2,000 cryptocurrency payment to a supposed "Finance consultant in NYC."

19. Defendants' representations were knowingly false when made. No legitimate trading platform existed, and the funds were misappropriated.

20. In addition to the fraudulent misrepresentations, Defendants operated Vctzxsha.com as an unregistered cryptocurrency trading platform and money transmitter in violation of the Bank Secrecy Act (31 U.S.C. § 5311 et seq.) and FinCEN regulations, as well as California licensing requirements. Defendants' failure to comply with these U.S. regulatory frameworks while actively soliciting and transacting with U.S. residents further demonstrates purposeful direction into this forum and supports Plaintiff's claims of unlawful business practices.

## V.    FIRST CAUSE OF ACTION (Fraud – Against All Defendants)

20. Plaintiff incorporates all preceding paragraphs.

21. Defendants made material misrepresentations regarding their identity, the legitimacy of Vctzxsha.com, and the safety and profitability of the investment.

22. Plaintiff justifiably relied on these misrepresentations and suffered damages in excess of $16.9 million.

## VI.    SECOND CAUSE OF ACTION (Conversion – Against All Defendants)

6

22. Plaintiff incorporates all preceding paragraphs.

23. Defendants wrongfully exercised dominion and control over Plaintiff's funds, depriving her of possession and use.

**VII.    THIRD CAUSE OF ACTION (Unjust Enrichment – Against All Defendants)**

24. Plaintiff incorporates all preceding paragraphs.

25. Defendants received and retained funds belonging to Plaintiff under circumstances that make retention inequitable.

**VIII.   FOURTH CAUSE OF ACTION (Violation of California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. – Against All Defendants)**

26. Plaintiff incorporates all preceding paragraphs.

27. Defendants' conduct constitutes unlawful, unfair, and fraudulent business practices.

**IX.    FIFTH CAUSE OF ACTION (Violation of California Consumer Legal Remedies Act, Civ. Code § 1750 et seq. – Against All Defendants)**

28. Plaintiff incorporates all preceding paragraphs.

29. Defendants engaged in deceptive practices in connection with the sale of services.

**X.    SIXTH CAUSE OF ACTION (Breach of Contract / Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)**

30. Plaintiff incorporates all preceding paragraphs.

**XI.    SEVENTH CAUSE OF ACTION (Civil Conspiracy – Against All Defendants)**

31. Plaintiff incorporates all preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.  A Temporary Restraining Order and Preliminary Injunction freezing all assets traceable to Plaintiff's funds, including, without limitation, all cryptocurrency wallets, bank accounts,

7

digital assets, and other property owned, controlled, or held by any Defendant; and granting leave for alternative service of process upon Vctzxsha.com and the Doe Defendants through email, LinkedIn, WhatsApp, website contact portals, blockchain wallet addresses associated with the fraudulent transactions and frozen balances, and any other electronic means reasonably calculated to provide notice in light of the anonymous, international, and digital nature of Defendants' enterprise.

B. Permanent Injunctive Relief;

C. Compensatory damages in the amount of $16,902,204.07 or the proven amount, plus additional damages according to proof;

D. Punitive damages;

E. Attorney's fees and costs (where recoverable);

F. Prejudgment and post-judgment interest;

G. Restitution and disgorgement;

H. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 28, 2026                Respectfully submitted,

By:
Karla Pavese, Esq.
Fed Bar 361976
BULLDOG LAW, PC.
*Attorneys for Plaintiff*
500 N. Central Ave., Suite 610
Glendale, CA. 91203
Phone: (818) 646-8990| Fax: (323) 967-715

8